Ronald Charles Denison Jr.
117 Firehorn Drive
Rohnert Park, Ca 94928-1333

FILED
2016 JAN 25 P 2: 36
CLERK...
N. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Charles Denison Jr., | ) CASE NO **CV16 432** |
| Plaintiff, | ) VERIFIED COMPLAINT FOR DAMAGES |
| vs. | ) VIOLATION OF 15 USC 1692 *et seq.* FDCPA;<br>) VIOLATION OF 15 USC 1681 *et seq.* FCRA; |
| CITIFINANCIAL SERVICING LLC;<br>DOES 1-5 | ) VIOLATION OF CALIFORNIA ROSENTHAL<br>) FAIR DEBT COLLECTION PRACTICES ACT<br>) CC 1788 *et seq.* |
| Defendants. | ) DEMAND FOR TRIAL BY JURY |

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*, violations of the Fair Credit Reporting Act (FCRA) 15 USC §1681 *et seq.;* and the California Rosenthal Fair Debt Collection Practices Act (CFDCPA) Civil Code 1788.10, *et seq.*

2. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

VERIFIED COMPLAINT FOR DAMAGES Page 1

3.  Plaintiff contends that the Defendant is a Credit Furnisher and Collection Company and has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

5.  Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here. All conditions precedent to the bringing of this action have been performed, waived or excused.

## PARTIES

6.  Plaintiff, Ronald Charles Denison Jr., ("DENISON") is a natural person and is a resident of Sonoma County, California.

7.  Upon information and belief Defendant, CITIFINANCIAL SERVICING LLC. (hereinafter "CITI") is a foreign corporation, incorporated in Delaware; with Corporate Headquarters at 605 Munn Rd E, Fort Mill, SC 29715-8421 with Registered Agent for service of process at: CT CORPORATION SYSTEM, at 2 Office Park Ct, Ste 103, Columbia, SC 29223.

8.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 5 and, therefore, sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

VERIFIED COMPLAINT FOR DAMAGES Page 2

9. Defendants sued herein as Does 1 through 5 are contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint, and that each of said fictitiously named Defendants is indebted to Plaintiffs as hereinafter alleged.

10. The use of the term "Defendants" in any of the allegations in this Complaint, unless specifically otherwise set forth, is intended to include and charge both jointly and severally, not only named Defendants, but all Defendants designated as well.

11. Plaintiffs are informed and believe and thereon alleges that, at all times mentioned herein, Defendants were agents, servants, employees, alter egos, superiors, successors in interest, joint venturers and/ or co-conspirators of each of their co-defendants and in doing the things herein after mentioned, or acting within the course and scope of their authority of such agents, servants, employees, alter egos, superiors, successors in interest, joint venturers and/ or co-conspirators with the permission and consent of their co-defendants and, consequently, each Defendant named herein, and those Defendants named herein as Does 1 through 5, inclusive, are jointly and severally liable to Plaintiffs for the damages and harm sustained as a result of their wrongful conduct.

12. Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13. Defendants, and each of them, knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs complained of herein. The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, inter alia, to financially benefit Defendants at the expense of Plaintiffs by engaging in fraudulent activities. Defendants accomplished their conspiracy, common enterprise, and common course of conduct by misrepresenting and concealing material information regarding the servicing of loans, and by taking steps and making statements in furtherance of their wrongdoing as specified herein. Each Defendant was a direct, necessary and substantial participant in the conspiracy, common enterprise and common course of conduct complained of herein, and was aware of its overall contribution to and furtherance thereof. Defendants' wrongful acts include, inter alia, all of the acts that each of them are alleged to have committed in furtherance of the wrongful conduct of complained of herein.

## FACTUAL ALLEGATIONS

14. Plaintiff brings this action regarding the defendants and each of them, in their continued attempts to collect an alleged debt defendants claim is owed them.

15. Plaintiff is a natural person, an individual, and is therefore a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a(3).

16. Defendant CITI is a debt collector, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6). ("FDCPA").

17. Defendant CITI is an entity which reports and collects debts, bringing it within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 ("CFDCPA").

18. Defendant CITI is an entity which is an information furnisher and reports to the Credit Reporting Agencies, bringing it within the ambit of Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

19. On or about March 13, 2015 plaintiff obtained a copy of his credit report(s) as published by Credit Reporting Agencies (CRA) that contained information supplied by defendant(s) furnisher.

20. On or about March 16, 2015 plaintiff called the defendant(s) to dispute the reported information and required debt validation as provided by 15 U.S.C. §1692g.

21. On or about the balance of March 2015, plaintiff continued to investigate the incorrect reporting in the credit report(s) as published.

22. These report(s) contained erroneous information related to his previous account with CITI. Specifically the defendant reported that the plaintiff had:

   (a) arrearage owing on account,

   (b) original reporting balance incorrect,

   (c) date of first delinquency incorrect,

   (d) date of first delinquency in subsequent reports changed,

   (e) allowable delinquency so it could keep reporting account delinquent,

   (f) different reporting account data to the CRA's.

23. On or about May 4, 2015 plaintiff sent to CRA's by certified mail; another further dispute and reinvestigation request for defendant(s) to correct the information they were reporting to the CRA's.

24. On or about July 12, 2015 plaintiff sent to CITI by certified mail 7014 1820 0000 0454 5045; another further dispute and reinvestigation request for defendant(s) to correct the information they were reporting to the CRA's.

25. On or about May 21, 2015, August 19, 2015, September 17, 2015, plaintiff received written responses from defendant(s) that fail to prove the existence of the alleged debt, failing validating the reporting of the amounts, dates, or changes to the CRA reporting.

26. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested.

27. The above-detailed conduct by each of the Defendant(s) has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA, FRCA and CFDCPA, relates to the defendant(s) even if they were collecting a legitimate debt. Plaintiff alleges for the record that neither defendant(s) are creditors, or Lenders, neither did any of the defendant(s) provide any credit or services to Plaintiff. Nonetheless, each of the defendant(s) are "debt collectors" pursuant to 15 USC §1692a(6). Plaintiffs allege the FDCPA states in part;

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**

28. On or about December 23, 2015 plaintiff sent to CITI by certified mail 7014 1820 0000 0454 5380; NOTICE OF INTENTION TO COMMENCE ACTION as a condition precedent to a lawsuit and for a chance for CITI to mitigate their damages and stop damaging plaintiff.

29. On each monthly reporting to the CRA's, Defendant CITI violated 15 U.S.C. 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. On each monthly reporting to the CRA's, Defendant CITI violated 15 U.S.C. 1692e(8), Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

31. On each monthly reporting to the CRA's, Defendant CITI violated 15 U.S.C. 1692e(10), The use of any false representation or deceptive means to collect or attempt to collect any debt . . .

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C.§1681i FAIR CREDIT REPORTING ACT

32. All previous paragraphs are re-alleged as though fully set out herein.

33. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

34. Defendants CITI are "credit furnishers" within the meaning of the 15 U.S.C.§1681s-2. 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a(d).

35. The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to

investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy.

36.  After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:
   a. to conduct "an investigation" with respect to the disputed information;
   b. to "review all relevant information" provided by the credit reporting agency;
   c. to "report the results of its investigation" back to the credit reporting agency;
   d. if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and
   e. to "modify,...delete...or...permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

37.  In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does *not* trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation <u>under the FCRA</u> to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, does create a legal obligation under §1692g of the FDCPA which Plaintiff served upon defendant CITI.

38.  Plaintiff notified Defendant CITI of its dispute by phone and writing, and defendant CITI also received notice from the three major credit reporting agencies

Equifax, Experian and Transunion. Defendant CITI failed to delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiff's disputes.

39. Plaintiff alleges that at all relevant times Defendant CITI failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b). Plaintiff alleges that Defendant CITI failed to conduct a proper and lawful reinvestigation.

40. All actions taken by the Defendant CITI thru the CRA's were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

41. Plaintiff has been significantly harmed by defendants due to erroneous reporting of the alleged debt. Due to defendants acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiffs are entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant negligent and noncompliant acts may have been a direct violation of 15 USC§1681(n) and 15 USC§1681(o) respectively.

**WHEREFORE**, Plaintiffs demands judgment for damages against Defendant CITI for actual damages, punitive damages, and statutory damages of $1000.00 per month that CITI had verified the erroneous debt to the CRA's after the reinvestigation, attorney fees, and costs pursuant to 15 U.S.C.§1681(n), and 15 USC§1681(o).

## SECOND CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10)

42. Plaintiff alleges and incorporates the information in all previous paragraphs.

43. Defendants CITI violated 15 U.S.C. §1692e(10) by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

44. 15 U.S.C. §1692e(10) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against CITI for actual, statutory damages of $1000.00, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692e(10).

## THIRD CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(8)

45. Plaintiff alleges and incorporates the information in all previous paragraphs.

46. Defendants CITI violated 15 U.S.C. §1692e(8) by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

47. 15 U.S.C. §1692e(8) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**WHEREFORE,** Plaintiff demands judgment for damages against CITI for actual, statutory damages of $1000.00, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692e(8).

## FOURTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788.10-1788.18

48. Plaintiff alleges and incorporates the information in all previous paragraphs.

49. Plaintiff is a consumer within the meaning of 15 USC 1692 *et seq*.

50. Defendant is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788.10(f).

51. The account in question is a consumer credit transaction ad defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

52. Defendant violated the §1788.17 of the CFDCPA by continuously failing to comply with the statutory regulations contained with the FDCPA 15 USC §1692 *et seq*.

53. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment for damages against CITI for actual, statutory, and attorney's fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

## DEMAND FOR TRIAL BY JURY

54. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 23, 2016

Respectfully submitted:

Ronald Charles Denison Jr.
117 Firehorn Drive
Rohnert Park, Ca 94928

## VERIFICATION

Declarations of Ronald Charles Denison Jr.

I, Ronald Charles DENISON Jr. declare as follows:

1. I am the Plaintiff in the above entitled matter.

2. I am of age, sound of mind and competent to testify to facts based on first hand knowledge of above items so stated.

3. I have been damaged financially, socially and emotionally as a result of Defendant's unlawful actions and conduct.

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare, under penalty of perjury pursuant to the laws of California and the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 23, 2016

Ronald Charles Denison Jr.
Declarant