Ronald Charles Denison Jr.
117 Firehorn Drive
Rohnert Park, Ca 94928-1333

**FILED**

MAR 2 1 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Charles Denison Jr., ) | CASE NO: 3:16-CV-00432-WHA |
| ) | |
| Plaintiff, ) | PLAINTIFF OPPOSITION TO DEFENDANTS |
| ) | MOTION TO DISMISS 12(B)(6) |
| vs. ) | And |
| ) | ORDER TO SHOW CAUSE |
| CITIFINANCIAL SERVICING LLC; ) | |
| DOES 1-5 ) | |
| ) | TIME:  8:00 am |
| Defendants. ) | DATE:  April 21, 2016 |
| ) | COURTROOM: 8, 19th Floor |
| ) | |

Please take notice that on April 21, 2016 at 8:00 am, or as soon thereafter as the matter

may be heard, in Courtroom 8 of the United States District Court located at 450 Golden Gate

Avenue, San Francisco, CA, Plaintiff Ronald Charles Denison Jr., will and hereby does move the

Court under Fed.Civ.R 12(b)(6) for an order denying Defendants Motion to Dismiss. Plaintiff

has received **Order to Show Cause**, will file timely and _apologizes to the Defendants and the_

_Court_. Plaintiff was misinformed as to responding filing deadlines.

March 17, 2016

Ronald Charles Denison Jr.,
Plaintiff in Pro Se

---

**INTRODUCTION**

      1.      Plaintiff has filed a prima facie verified complaint with short simple plain statement of facts by Fed.Civ.R. 8a and stated the relief requested.

      2.      The Defendants have filed a Motion to Dismiss Fed.Civ.R.12(b)(6) attempting to misdirect the court by submitting off point pleadings with redundant, immaterial, impertinent, or scandalous matter of facts and arguments into the case where none are pertinent.

## I.      STANDARD OF REVIEW FOR *PRO SE* PLEADINGS

      3.      Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has she been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally.[1] "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief."[2] Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.[3] The Court is the Guardian of 'my' liberties and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." In addition, in considering a motion under Rule 8 (a), courts should liberally construe the complaint of a pro se litigant in his or her favor.[4]

## II.      STANDARD FOR DISMISSAL UNDER Fed.Civ.R.12(b)(6)

      4.      Motions to dismiss for failure to state a claim under Federal Rules of Civil

---

[1] *Haines v. Kerner, 404 U.S. 519-20, (1972).*
[2] *Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).*
[3] *Platsky v. CIA,  953 F.2d  25, 26 28 (2nd Cir. 1991),*
[4] in *MARIA APOSTOLIDIS v. JP MORGAN CHASE & CO., 2012*

Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted."[5] The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] First Amended Complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6] The purpose of a motion under Federal Rule 12(b)(6) is to test the formal ssufficiency of the statement of the claim for relief in the First Amended Complaint.[7] The First Amended Complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.[8]

5.      It is **not** a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the Complaint, the issue is not whether the Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted.[9] Furthermore, the U.S. Supreme Court has held that to survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face"[10]

### III.      STANDARDS FOR PLAINTIFF

6.      On a motion to dismiss, the allegations of the complaint must be accepted as true.[11] The court is bound to give the plaintiff the benefit of every reasonable inference to be

---

[5] *Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997)* (citation omitted).
[6] *Hartford Fire Ins. Co. v.California, 509 U.S. 764, 811 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)* .
[7] Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)**.**
[8] *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).*
[9] *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).*
[10] Bell Atlantic Corp. v. Twombly, 55 US 544 (2007).
[11] *Cruz v. Beto, 405 U.S. 319, 322 (1972).*

drawn from the "well-pleaded" allegations of the complaint.[12]  Thus the plaintiff need not

necessarily plead a particular fact if that fact is a reasonable inference from facts properly

alleged.[13]

7.  In general, the complaint is construed favorably to the pleader.[14]  So construed, the court

may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of the claim which would entitle him or her to

relief.[15]  In spite of the deference the court is bound to pay to the plaintiff's allegations, however,

it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has

not alleged, or that the defendants have violated the . . . laws in ways that have not been

alleged." [16]

## IV.     OPPOSITION TO INTRODUCTION & SUMMARY OF ARGUMENT, & SUMMARY OF PLAINTIFFS ALLEGATIONS

8.       Defendant glean from Plaintiff's complaint that it mirrors the boiler plate of the

statute, and that is because Citi's actions, conduct, and the facts mirror the statute. The facts are

outlined and taken as true so Plaintiff has listed each element required for each cause of action.

## V.      OPPOSITION TO LAW & ARGUMENT

9.       Legal standards for a Motion to Dismiss addressed above.

---

[12] *Retail Clerks Intern. Ass'n., Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).*
[13] *Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963)* (inferring fact from allegations of complaint).
[14] *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).*
[15] *Hishon v. King & Spalding, 467 U.S. 69 (1984)* (citing *Conley v. Gibson, 355 U.S. 41, 45-46 (1957)*).
[16] *Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).*

---

10.     THRESHOLD PLEADING OF 8a: It is interesting to note, that Plaintiff can call Defendant's office, and just by giving Plaintiff's Account Name, Defendants can look up the account. For purposes of this complaint, if Plaintiff needs to state the obvious and list the account number that is on his Credit Report as: Citifinancial #607209183815*, and if the court wishes Plaintiff to amend his complaint, Plaintiff requests leave to do so.

11.     PLAINTIFF FCRA CLAIM FAILS: Defendant is mistaken. The cause of action under 15 USC 1681 s(2) (B)[17], whereas Defendant has a known duty and obligation on the reinvestigation. Here the Defendant continued to report inaccurate information without complying with the duty and obligation. If the court wishes Plaintiff to amend his complaint to further clarify, Plaintiff requests leave to do so.

12.     PLAINTIFF FDCPA & ROSENTHAL CLAIM FAILS: Plaintiff disputed the debt pending validation and/or verification with the CRA's. Defendant knew or should have known that they are required to "stop" the collection of any debt pending validation and/or verification. To continue to report to the CRA's is attempting collection of the debt. To continue violates the FDCPA and thereby ROSENTHAL acts. If the court wishes Plaintiff to amend his complaint to further clarify, Plaintiff requests leave to do so.

13.     DEFENDANTS CONCLUSION is self serving and should be dismissed.

## VI.     PLAINTIFF'S CONCLUSION

14.     Plaintiff's complaint is a short plain simple statement of facts with the relief requested. Comply's with rule 8a.

---

[17] S(2)(**B**) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

15.     Plaintiff has demonstrated a prima facie case, wherein there are facts presented and in accordance with relief requested.

16.     Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(6) Motion.

17.     Plaintiff has shown Defendant is still attempting to collect a debt and report to the CRA's without validation and/or verification.

18.     Plaintiff requests that if pleadings have not shown a prima facie case and is correctable by amendment clarifying or adding additional facts, leave of this court to amend is required.

19.     Defendants Motion to Dismiss 12(b)(6) should be dismissed and they should be held to answer.

Dated: March 17, 2016

Respectfully submitted:

Ronald Charles Denison Jr.
117 Firehorn Drive
Rohnert Park, Ca 94928

# PROOF OF SERVICE

The undersigned declares as follows:

I am a resident of the County of Sonoma, State of California, and at the time of service I was over 18 years of age and not a party to this action.  My  address is

150 RALEY TOWN CENTER, STE 2512, ROHNERT PARK, CA 94928

On the below date:      I served the following document (s) described as:

OPPOSITION TO MOTION TO DISMISS 12B6 & STRIKE 12(f)-case 3:16-cv-00432

I served the documents on the persons below, as follows:

WOLFE & WYMAN LLP
2175 N. California Blvd., Suite 645
Walnut Creek, California 94596

__X__    **(BY MAIL)**  I placed said document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, and placed such envelope in the United States mail at Sonoma County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 17, 2016 at Santa Rosa, California.

RONALD CUPP

(Type or Print Name of Declarant)                 (Signature of Declarant)

Ronald Charles Denison Jr.
117 Firehorn Drive
Rohnert Park, Ca 94928-1333

**FILED**

MAR 21 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Charles Denison Jr., | ) CASE NO: 3:16-CV-00432-WHA |
| | ) |
| Plaintiff, | ) PLAINTIFF OPPOSITION TO DEFENDANTS |
| | ) MOTION TO STRIKE 12(f) |
| vs. | ) TO BE HEARD CONCURRENTLY WITH |
| | ) MOTION TO DISMISS 12 (b)(6). |
| CITIFINANCIAL SERVICING LLC; | ) |
| DOES 1-5 | ) TIME: 8:00 am |
| | ) DATE: April 21, 2016 |
| Defendants. | ) COURTROOM: 8, 19th Floor |
| | ) |
| | ) |

Please take notice that on April 21, 2016 at 8:00 am, or as soon thereafter as the matter

may be heard, in Courtroom 8 of the United States District Court located at 450 Golden Gate

Avenue, San Francisco, CA, Plaintiff Ronald Charles Denison Jr., will and hereby does move the

Court under Fed.Civ.R 12(f) for an order denying Defendants Motion to Strike.

March 17, 2016

Ronald Charles Denison Jr.,
Plaintiff in Pro Se

# INTRODUCTION

1.      Plaintiff has filed a prima facie verified complaint with short simple plain statement of facts by Fed.Civ.R. 8a and stated the relief requested.

2.      The Defendants have filed a Motion to Strike Fed.Civ.R.12(f) attempting to misdirect the court by submitting off point pleadings with redundant, immaterial, impertinent, or scandalous matter of facts and arguments into the case where none are pertinent.

3.      Defendants specifically request to strike the words "punitive damages" and "attorney's fees" on:

   a.   Page 9, lines 25-26,
   b.   Page 10, line 15,
   c.   Page 11, line 4,
   d.   Page 11, line 24.

4.      Plaintiff strenuously objects to these being stricken.

5.      The requested items Defendant wishes to strike are specifically listed in the statute under 15 USC ¶1681(n) and 15 USC ¶1681(o). They are for willful non-compliance (punitive) and negligent (non-punitive). Plaintiff has properly alleged willful where indicated.

6.      Plaintiff may retain an attorney at some point, and requires attorney's fees upon successful adjudication.

7.      Should court require Plaintiff to further allege these items in the pleadings, leave of court is required to do so.

Dated: March 17, 2016

Respectfully submitted:

Ronald Charles Denison Jr.
117 Firehorn Drive
Rohnert Park, Ca 94928