Andrew A. Bao (SBN 247092)
aabao@wolfewyman.com
Meagan S. Tom (SBN 273489)
mstom@wolfewyman.com
WOLFE & WYMAN LLP
2175 N. California Blvd., Suite 645
Walnut Creek, California 94596-3502
Telephone: (925) 280-0004
Facsimile: (925) 280-0005

Attorneys for Defendant
CITIFINANCIAL SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD CHARLES DENISON JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITIFINANCIAL SERVICING LLC; DOES 1-5,<br><br>　　　　Defendants. | Case No.: 3:16-cv-00432-WHA<br><br>Hon. William Alsup<br>Courtroom 8<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO CITIFINANCIAL SERVICING LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:　　　　April 21, 2016<br>Time:　　　　8:00 a.m.<br>Courtroom:　8, 19th Floor |

Defendant CITIFINANCIAL SERVICING LLC ("Citi") submits the following memorandum of points and authorities in reply to the opposition filed by RONALD CHARLES DENISON JR. ("Plaintiff") to Citi's motion to dismiss the Complaint.

### 1. **Plaintiff's Complaint Fails to Meet the FRCP 8(a) Requirements.**

As noted in Citi's moving papers, Plaintiff's Complaint wholly fails to meet the threshold pleading requirements, as the Complaint fails to identify the specific account in dispute. Plaintiff's Opposition does not dispute this, and indeed provides further identifying information not contained in the Complaint. (Opposition, ¶ 10) Thus, based on the four corners of the Complaint it continues

to fall short of the requirements of Rule 8(a), and remains subject to dismissal.

## 2. **Plaintiff's Fair Credit Reporting Act Claim Continues to Fail.**

In support of his Fair Credit Reporting Act ("FCRA") claim, Plaintiff appears to be arguing that he has stated a claim under 15 USC 1681-s (2)(b), regarding a credit furnisher's duties upon notice of dispute. Specifically Plaintiff argues that Citi "continued to report inaccurate information without complying with the duty and obligation." (Opposition, ¶ 11)

However, within the Complaint, Plaintiff's own allegations indicate that Citi did, indeed, comply with respond to numerous dispute and reinvestigation requests. (Complaint, ¶ 25) Specifically, Plaintiff's complaint indicates that Citi did, indeed, conduct some sort of investigation and issued a written response at least two times. (Complaint, ¶¶ 20, 24, 25) Clearly, Plaintiff disagreed with the results, as this lawsuit followed. However, by Plaintiff's Complaint allegations, Citi appears to have followed the statutory duties set forth in 15 USC 1681-s(2)(b), and thus cannot serve as a basis for his FCRA claim against Citi.

Finally, Plaintiff's Opposition does not address the Motion to Dismiss' other arguments regarding his failure to provide factual allegations to support each and every element required to state a FCRA claim against a furnisher. As such, his FCRA claim continues to fail and is subject to dismissal.

## 3. **Plaintiff's Federal and State Debt Collection Law Violations Continue to Fail.**

The crux of Plaintiff's Opposition related to the debt collection law violations rests upon his assertion that Citi "knew or should have known that they are required to "stop" collection of any debt pending validation and/or verification" and that the mere reporting to the CRA's "is attempting collection of a debt." (Opposition, ¶ 12).

However, as noted in Citi's moving papers, Plaintiff's allegations fail as a matter of law as he does not allege factual allegations related to any current attempts to collect on the "previous account with Citi." (Motion to Dismiss, 5:17-19) Case law indicates that credit reporting Plaintiff's Opposition argues that reporting to CRA's is, in itself, an "attempt" to collect on a debt. However, Plaintiff provides no case law to support such a conclusory claim, given that Plaintiff own allegations indicate that this is a "previous account" with Citi.

2
**REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Further, as noted above, Plaintiff's numerous requests for investigation and "validation and/or verification" of the debt were addressed. (Complaint, ¶¶ 20, 24, 25) Plaintiff's Complaint provides absolutely no factual allegations to support his conclusory allegations that Citi "fail[ed] to prove the existence of the alleged debt, [failed to validate] the reporting of the amounts, dates or changes to the CRA reporting." (Complaint, ¶ 25) Plaintiff's Opposition wholly fails to address this argument.

As such, Plaintiff's debt collection law violations claims remain subject to dismissal.

**4.    Conclusion**

Based on all of the foregoing reasons, as well as those set forth in Citi's moving memorandum, Citi respectfully requests this Court grant its' Motion to Dismiss the Complaint in its entirety with prejudice.

DATED: March 30, 2016              WOLFE & WYMAN LLP


By:   */s/ Meagan S. Tom* (SBN 273489)
        ANDREW A. BAO
        MEAGAN S. TOM
    Attorneys for Defendant
    **CITIFINANCIAL SERVICES LLC**

2300082.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF ORANGE** )

I, Kathy Hagmaier, declare that I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

On the date shown below, I served the document(s) described as **REPLY TO PLAINTIFF'S OPPOSITION TO CITIFINANCIAL SERVICING LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL**: as follows:
☐ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
☒ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☐ **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**   I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on March 30, 2016, at Irvine, California.

Kathy Hagmaier

2233885.1

**SERVICE LIST**
U.S. District Court, Northern District – Case No. 3:16-cv-00432-WHA
<u>Ronald Charles Denison Jr. v. Citifinancial Servicing LLC, et al.</u>
W&W File No. 1133-1553
[Revised: 2/23/2016]

| | |
|---|---|
| Ronald Charles Denison Jr.<br>117 Firethorn Drive<br>Rohnert Park, CA 94928-1333 | **PLAINTIFF IN PRO PER**<br><br>Chass14@icloud.com<br><br>Tel:<br>Fax: |