IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD CHARLES DENISON,

    Plaintiff,

  v.

CITIFINANCIAL SERVICING LLC,

    Defendant.
                                           /

No. C 16-00432 WHA

**ORDER RE MOTION TO DISMISS AND MOTION TO STRIKE**

## INTRODUCTION

In this action alleging violations of the Fair Credit Reporting Act, the Fair Debt and Collection Practices Act, and California's Rosenthal Act, defendant moves to dismiss for failure to state a claim and also moves to strike certain portions of the complaint. To the extent stated herein, defendant's motion to dismiss is **GRANTED**. The motion to strike is **DENIED AS MOOT**.

## STATEMENT

The following well-pled facts are assumed to be true for the purposes of the present motion. In March 2015, pro se plaintiff Richard Denison received a copy of his credit report and called defendant Citifinancial Servicing, LLC, a subsidiary of Citigroup Inc., to dispute information contained in it. The complaint alleges the dispute related to a "previous account with Citi" (Compl. at ¶22). Plaintiff then sent a letter to an unnamed credit reporting agency and sent a follow-up dispute letter to defendant. In May, August, and September of 2015, plaintiff allegedly received responses from Citi that "failed to prove the existence of the alleged debt" (*id*. at ¶25). In December 2015, plaintiff responded to defendant with a correspondence titled "Notice of Intention to Commence Action" (*id*. at ¶28). Shortly thereafter, plaintiff filed this

lawsuit alleging violations of the Fair Credit Reporting Act, the Fair Debt and Collection Practices Act, and California's Rosenthal Act.

Now, defendant moves to dismiss under Rule 12. In the alternative, defendant moves to strike portions of the complaint relating to punitive damages and attorney's fees. After plaintiff failed to file any opposition to defendant's motions, an order issued requesting that plaintiff show cause as to why he failed to file an opposition (Dkt. No. 14). One month after defendant's motions had been filed, plaintiff responded that he "was misinformed as to responding filing deadlines," and submitted an opposition to the motions (Opp. at 1). This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, plaintiff's allegations lack sufficient detail to state a plausible claim for several reasons. As an initial matter, the complaint fails to allege what specific bank account is at issue in regards to all of the claims. Instead, the complaint generally describes a "previous account with Citi" (Compl. at ¶22). To put defendant on notice of the claims and their possible defenses, plaintiff must give more information, such as the account number, the date plaintiff opened the account, or other identifying information. While plaintiff provides an account number in his opposition, he must do so within the four corners of the complaint if he moves for leave to amend, as discussed below.

More importantly, the allegations in the complaint are wholly conclusory. For each of the claims, the complaint parrots the prohibited acts as stated in the statutory language, and then essentially says defendant did that which the statute prohibits. The complaint contains no specific allegations about how defendant allegedly went about violating the law in our specific case. In his opposition, plaintiff basically concedes as much, stating (Opp. at 4): "Defendant glean [sic] from Plaintiff's complaint that it mirrors the boiler plate [sic] of the statute, and that is because Citi's actions, conduct, and the facts mirror the statute."

2

More specifically, as to the FDCPA and Rosenthal Act claims, plaintiff has not alleged that defendant is a "debt collector" within the meaning of the statutes. Under both the FDCPA and the Rosenthal Act, a "debt collector" "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). "[D]ebt collector" does not include original creditors. Plaintiff has not alleged any facts suggesting that defendant is a "debt collector" under the statutes because he has not alleged, in anything other than conclusory fashion, that defendant "regularly collects or attempts to collect" debts, or that defendant is a secondary, rather than original creditor. Furthermore, plaintiff has not alleged that defendant attempted to collect a "debt" within the meaning of the statutes. As our court of appeals has stated: "Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004). The FDCPA limits the definition of a "debt" to "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. 1692a(5). The complaint lacks any allegations on this issue.

As to the FCRA, plaintiff is required to plead the following four elements to state a claim against a credit furnisher: (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b) (1)(A)-(E). *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). The complaint alleges none of these elements in anything other than conclusory fashion. While plaintiff alleges the credit report at issue contained inaccurate information, he does not state what that inaccurate information was or how, in fact, the information was actually inaccurate. Furthermore, the complaint alleges no facts suggesting which consumer reporting agency produced the credit report, that this unnamed consumer reporting agency notified defendant of the supposed

inaccuracy, or that defendant failed in some specific way to investigate the alleged inaccuracy. If plaintiff seeks leave to amend his complaint, he must allege facts that make out a plausible case, rather than simply reciting the elements of the statute and alleging, in conclusory fashion, that defendant failed to comply.

## CONCLUSION

To the extent stated herein, defendant's motion to dismiss is **GRANTED**. Defendant's motion to strike is **DENIED AS MOOT**. Plaintiff shall have until **MAY 19, 2016 AT NOON**, to file a motion, noticed on the normal 35-day track, for leave to amend his claims. A proposed amended complaint must be appended to this motion. Plaintiff must plead his best case. The motion should clearly explain how the amended complaint cures the deficiencies identified herein. If such a motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: April 29, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE