Ronald Charles Denison Jr.
117 Firehorn Drive
Rohnert Park, Ca 94928-1333

RECEIVED
MAY 18 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Charles Denison Jr., | ) CASE NO: C 16-00432 WHA |
| Plaintiff, | ) FIRST AMENDED COMPLAINT (FAC) FOR |
| vs. | ) VIOLATION OF 15 USC 1681 *et seq.* FCRA; |
| CITIFINANCIAL SERVICING LLC; DOES 1-5 | ) |
| Defendants. | ) DEMAND FOR TRIAL BY JURY |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against Defendant for violations of the Fair Credit Reporting Act (FCRA) 15 USC §1681 *et seq.* This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations and reinvestigations with respect to such information.

2. Plaintiff contends that the Defendant is a Credit Furnisher and has not performed as required to do a reasonable reinvestigation.

FIRST AMENDED COMPLAINT                                                                 Page 1

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here. All conditions precedent to the bringing of this action have been performed, waived or excused.

## PARTIES

5. Plaintiff, Ronald Charles Denison Jr., ("DENISON") is a natural person and is a resident of Sonoma County, California.

6. Upon information and belief Defendant, CITIFINANCIAL SERVICING LLC. (hereinafter "CITI") is a foreign corporation, incorporated in Delaware; with Corporate Headquarters at 605 Munn Rd E, Fort Mill, SC 29715-8421 with Registered Agent for service of process at: CT CORPORATION SYSTEM, at 2 Office Park Ct, Ste 103, Columbia, SC 29223.

7. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 5 and, therefore, sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, an individual, and is therefore a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

9. Defendant CITI is an entity which is an information furnisher and reports to the Credit Reporting Agencies, bringing it within the ambit of Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

10. On or about March 13, 2015 plaintiff obtained a copy of his credit report(s) as published by Credit Reporting Agencies (CRA) that contained information supplied by defendant(s) furnisher. This is a tri-merge report where all three CRA's are listed on one report.

11. Plaintiff immediately called the credit reporting agency Experian to dispute the incorrect information furnished by Defendant regarding account number 607209183815****.

12. Plaintiff immediately disputed, in writing to the CRA's, the incorrect information by certified mail (Equifax 7014 1820 0001 0783 4435; Transunion 7014 1820 0001 0783 4442; Experian 7014 1820 0001 0783 4459).

13. The CRA's notified Defendant CITI furnisher of the alleged inaccurate information of the dispute per 15 USC 1681i. The furnisher has a duty and obligation to, within 5 days, submit the disputed information to the furnisher. The furnisher has 30 days to investigate and resubmit the information to the CRA's as correct, corrected, or to remove the information.

14. Upon reviewing the tri-merge report, you can see inconsistencies between the three CRA's which information was furnished by Defendant CITI and verified each month as correct.

15. **Incorrect or inconsistent information is reported differently** by all three CRA's (Experian, Equifax, and Transunion) in (a) credit reporting period, (b) condition, (c) high balance, (d) monthly payment, (e) last payment, (f) status, (g) loan term, (h) loan type, (i) Opened, (j) reported, and (k) remarks. This incorrect and inconsistent information reporting is done on one report and information is furnished and verified by Defendant CITI. (all the above

have different information between the three CRA's. Example: last payment; Transunion –no report; Equifax 07/01/2011; Experian 11/06/2014).

16. Defendant CITI furnished the information to all three CRA's (Equifax, Experian, and Transunion) and verified the accuracy of the information, each and every month. Defendant has a known duty and obligation to only furnish accurate information.

17. On or about March 16, 2015 plaintiff called the defendant CITI to dispute the reported information regarding account number 607209183815****, and required debt validation as provided by 15 U.S.C. §1692g.

18. On or about the balance of March 2015, plaintiff continued to investigate the incorrect reporting in the credit report(s) of Experian, Equifax, and Transunion as published.

19. These report(s) contained erroneous information related to his previous account with CITI regarding account number 607209183815****. Specifically the defendant reported that the plaintiff had:

(a) arrearage owing on account,

(b) original reporting balance incorrect,

(c) date of first delinquency incorrect,

(d) date of first delinquency in subsequent reports changed,

(e) allowable delinquency so it could keep reporting account delinquent,

(f) different reporting account data to the CRA's.

20. On or about May 4, 2015 plaintiff sent to CRA's by certified mail; (Equifax 7014 1820 0000 0454 3997; Transunion 7014 1820 0000 0454 4000; Experian 7014 1820 0000 0454 4017) another further dispute and reinvestigation request for defendant CITI to correct the information they were reporting to the CRA's.

21. On or about July 12, 2015 plaintiff sent to CITI by certified mail 7014 1820 0000 0454 5045; another further dispute and reinvestigation request for defendant(s) to correct the information they were reporting to the CRA's.

22. Defendant CITI, the furnisher, failed to re-investigate the inaccuracies or further failed to comply with the requirements in 15 USC 1681s-2(b) (1)(A)-(E).

23. On or about May 21, 2015, August 19, 2015, September 17, 2015, plaintiff received written responses from defendant(s) that fail to prove the existence of the alleged debt, failing validating the reporting of the amounts, dates, or changes to the CRA reporting.

24. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested.

25. On or about December 23, 2015 Plaintiff sent to Defendant CITI by certified mail 7014 1820 0000 0454 5380; NOTICE OF INTENTION TO COMMENCE ACTION as a condition precedent to a lawsuit and for a chance for CITI to mitigate their damages and stop damaging plaintiff.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C.§1681s-2(b) OF THE FAIR CREDIT REPORTING ACT**

26. All previous paragraphs are re-alleged as though fully set out herein.

27. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

28. Defendants CITI are "credit furnishers" within the meaning of the 15 U.S.C.§1681s-2. 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit

reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a(d).

29. The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy.

30. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:
   a. to conduct "an investigation" with respect to the disputed information;
   b. to "review all relevant information" provided by the credit reporting agency;
   c. to "report the results of its investigation" back to the credit reporting agency;
   d. if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and
   e. to "modify,...delete...or...permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

31. In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does *not* trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation <u>*under the FCRA*</u> to the furnisher. A furnisher need not honor a dispute received directly from the consumer,

whether oral or written, under the FCRA. Such a dispute, it should be noted, does create a legal obligation under §1692g of the FDCPA which Plaintiff served upon defendant CITI.

32. Plaintiff notified Defendant CITI of its dispute by phone and writing, and defendant CITI also received notice from the three major credit reporting agencies Equifax, Experian and Transunion. Defendant CITI failed to correct or delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiff's disputes.

33. Plaintiff alleges that at all relevant times Defendant CITI failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, number 607209183815****; violating 15 U.S.C. § 1681e(b). Plaintiff alleges that Defendant CITI failed to conduct a proper and lawful reinvestigation.

34. Plaintiff was denied credit from information contained in the CRA reports. All actions taken by the Defendant CITI thru the CRA's were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

35. Plaintiff has been significantly harmed by defendants due to erroneous reporting of the alleged debt. Due to defendant's acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiff is entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit

worthiness. Defendant negligent and noncompliant acts may have been a direct violation of 15 USC§1681(n) and 15 USC§1681(o) respectively.

36. Plaintiff first disputed the debt and required investigation March 13 2015 by phone and March 16, 2015 in writing. Plaintiff also disputed the debt to Defendant CITI on March 16, 2015. Plaintiff required a re-investigation in writing May 4, 2015. From June 10, 2015 to present Defendant CITI failed their known obligation and duty to correct the information furnished to the three CRA's and have damaged Plaintiff. From July 2015 to present statutory damages of $1000 per month per reporting agency ($3000 per month for all three) is accruing.

**WHEREFORE**, Plaintiffs demands judgment for damages against Defendant CITI for actual damages, punitive damages, and statutory damages of $1000.00 per month per CRA ($3000 per month for all three CRA's) that CITI had verified the erroneous information to the CRA's after the reinvestigation, attorney fees, and costs pursuant to 15 U.S.C.§1681(n), and 15 USC§1681(o).

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 18, 2016

Respectfully submitted:

Ronald Charles Denison Jr.
117 Firehorn Drive
Rohnert Park, Ca 94928