IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD C. DENISON JR.,

    Plaintiff,

    v.

CITIFINANCIAL SERVICING LLC, and DOES 1–5,

    Defendants.

No. C 16-00432 WHA

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

## INTRODUCTION

In this action alleging violations of the Fair Credit Reporting Act, plaintiff moves for leave to amend following an order of dismissal. For the reasons explained below, plaintiff's motion is **DENIED**.

## STATEMENT

Pro se plaintiff Ronald Denison received a copy of his "tri-merge report" in March 2015, containing his credit report data from Equifax Inc., Experian Information Solutions, Inc., and TransUnion Corp. The information related to Denison's previous account with Citifinancial Servicing LLC, a subsidiary of Citigroup, Inc., was allegedly incorrect (Compl. ¶ 22). Denison immediately called Experian to dispute the information contained in the report and then sent dispute letters to all three credit reporting agencies. Denison also called defendant Citifinancial to dispute the information contained in the report. He sent follow-up dispute letters to Equifax,

1 Experian, TransUnion, and Citifinancial.  In May, August, and September 2015, Denison claims
2 he received responses from Citifinancial that failed to prove the existence of the alleged debt.

3 Denison commenced this action in January 2016 alleging violations of the Fair Credit
4 Reporting Act, the Fair Debt Collection Practices Act, and California's Rosenthal Act.
5 Citifinancial promptly moved to dismiss and dismissal was granted.  The dismissal order
6 gave Denison the opportunity to file a motion for leave to amend.  He filed the instant motion
7 and appended a proposed amended complaint reciting one claim for a violation of the FCRA.
8 This order follows an opening and an opposition brief as well as oral argument.  Denison did
9 not file a reply brief.

**ANALYSIS**

Under Rule 15, leave to amend should be freely given absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, futility of amendment, and prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The general rule that parties be allowed to amend does not extend to situations where amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Here, Denison's proposed amended complaint does not cure the deficiencies of his first complaint.  Thus, amendment would be futile.

The order dismissing Denison's complaint made clear that to state a claim against a credit furnisher under the FCRA, he needed to include additional factual allegations. Specifically, Denison needed to plead that: (1) a credit reporting inaccuracy existed on his credit report; (2) he notified the consumer reporting agency that he disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccuracy; and (4) the furnisher failed to investigate the inaccuracies or otherwise comply with the requirements of 15 U.S.C. 1681s-2(b)(1)(A)–(E).  *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059–60 (9th Cir. 2002).

2

In his proposed amended complaint, Denison simply recites the fourth element of an FCRA claim and alleges, in a conclusory fashion, that Citifinancial failed to comply. Denison alleges only that "CITI [sic], the furnisher, failed to re-investigate [sic] the inaccuracies or further failed to comply with the requirements in 15 USC [sic] 1681s-2(b)(1)(A)–(E)" (Proposed First Amd. Compl. ¶ 22). This wholly conclusory statement is merely a formulaic recitation of the fourth element of an FCRA claim that will not do. Denison's proposed amended complaint remains insufficient to state a plausible claim for relief. Thus, amendment would be futile.

## CONCLUSION

For the reasons explained above, plaintiff's motion for leave to amend is **DENIED**. Final judgment will follow.

**IT IS SO ORDERED.**

Dated: June 23, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3